IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING



FILED

3:11 pm, 4/10/25

U.S. Magistrate Judge

| | |
|---|---|
| NICHOLE M. MIESEN, *formerly known as*, Nichole M. Groff,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD MICHAEL GROFF and JAMES D. VOLK<br><br>Defendants. | Case No.  1:24-CV-00188-SWS |

**ORDER GRANTING *UNOPPOSED URGENT MOTION FOR ORDER TO ISSUE PRESERVATION SUBPOENAS TO THIRD PARTIES JAMES D. VOLK AND WALLICK & VOLK, INC.***

This matter is before the Court on Plaintiff's *Unopposed Urgent Motion for Order to Issue Preservation Subpoenas to Third Parties James D. Volk and Wallick & Volk, Inc.* ("*Motion*").[1] ECF No. 20. Therein, Plaintiff Nichole M. Miesen ("Ms. Miesen" or "Plaintiff") seeks leave to issue preservation subpoenas to third party Wallick & Volk, Inc. ("W&V") and Defendant James D. Volk ("Mr. Volk") to preserve all evidence relevant to this action." *Id.* at 1. The instant *Motion* is unopposed by Defendant Richard Michael Groff ("Mr. Groff"). ECF No. 21 ¶ 19. After reviewing the *Motion*, the applicable law, and being otherwise fully advised, the *Motion* shall be **GRANTED** for the reasons set forth herein:

---

[1] At the time this *Motion* was filed, James D. Volk was not yet named as a defendant; however, on March 31, 2025, Plaintiff filed her *Second Amended Complaint*, which included a claim of tortious interference (Count III) against James D. Volk. *See* ECF No. 23.

1

## LEGAL STANDARD

Pursuant to Rule 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except…when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1). "Courts allow expedited discovery outside the regular sequence of discovery upon a showing of good cause." *Tau Techs. LLC v. Knight Sci. Sys.*, LLC, No. 1:24-cv-48 DLM/KRS, 2024 U.S. Dist. LEXIS 20177, *3 (D.N.M. Jan. 31, 2024) (citations omitted). Courts may find good cause "where physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties…." *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). The movant's request "should be limited and reasonably tailored to the 'good cause' circumstance for which expedited discovery is sought." *PPEX, LLC v. Buttonwood, Inc.*, No. 21-CV-53-F, 2021 U.S. Dist. LEXIS 254710, *3 (D. Wyo. July 28, 2021). What's more, the Tenth Circuit has "recognized that 'it is well within the court's discretion to decline to authorize expedited discovery.'" *Id.* (quoting *Washington v. Correia*, 546 Fed. Appx. 786, 787 (10th Cir.2013)).[2]

## BACKGROUND

This case involves Mr. Groff's alleged breach of a Stock Purchase Agreement ("SPA"). ECF No. 21 ¶ 1. "Plaintiff sold her interest in W&V's stock to [Mr. Groff;]" however, the SPA contained an earn-out provision, known as the "Look Back Bonus"—

---

[2] It is worth noting that while Plaintiff identifies the correct federal rule, her support therefor comes exclusively from district courts outside of this circuit—i.e., the Southern District of Ohio and the District of New Hampshire.

tied to the stock's eventual sales price. *Id.* In mid-2022, Mr. Groff sold his stock interest back to W&V and its Chairman, Mr. Volk, which Plaintiff alleges should have triggered the Look Back Bonus clause. *Id.* ¶ 4. However, to date, Plaintiff claims that Mr. Groff "and his agents have refused to produce any documentation of the sale and refused to pay [her] any amounts under the Look Back Bonus clause." ECF No. 1 ¶ 37.[3]

On March 13, 2025, the Court granted in part and denied in part Mr. Groff's *Motion to Dismiss* (ECF No. 11)—leaving only Plaintiff's claims for breach of contract (Count I) and breach of the implied covenant of good faith and fair dealing (Count II). *See* ECF No. 16. In its Order, the Court found that Mr. Groff's "alleged engagement in manipulation as to the sale of the stock to prevent triggering the [Look Back] Bonus could serve as a valid claim for breach of the SPA." *Id.* at 7.

In February of 2025, Plaintiff learned that W&V would be "shutting down operations." ECF No. 21 ¶ 3. Plaintiff avers that W&V and Mr. Volk "possess documents and records critical to Plaintiff's…claims, including financial statements, the 2022 sale agreement, and corporate records bearing on the stock's valuation and [Mr. Groff]'s alleged manipulation." *Id.* ¶¶ 4–5. And as such, Plaintiff filed the instant *Motion* seeking leave to serve pre-discovery preservation subpoenas on W&V and Mr. Volk. *See* ECF No. 20.

---

[3] In essence, Plaintiff alleges that Mr. Groff engaged in manipulation, as prohibited by § 3(a) of the SPA, to avoid paying her the Look Back Bonus. *See* ECF No. 1 ¶¶ 34–43.

### ORDER OF THE COURT

After reviewing the *Motion*, the Court finds that good cause exists for the requested limited discovery. *See* FED. R. CIV. P. 26(d)(1). To begin, the Court finds that the shutdown of W&V creates a looming risk that critical documents—e.g., financial statements, stock valuations, dividend records, and the 2022 sales agreement between Mr. Groff and Mr. Volk—could be lost or destroyed. *See Qwest*, 213 F.R.D. at 419. Heightening this risk is W&V's lack of response to Plaintiff's counsel concerning preservation of documents and records related to this litigation. ECF No. 21 ¶ 6 ("Although Plaintiff's counsel emailed a preservation notice to W&V's counsel on March 19, 2025, sent emails following up on March 23 and 25, 2025, and left two voice messages, no response has been received confirming or even acknowledging the evidentiary preservation request."). Additionally, the Court finds that Plaintiff's request for limited discovery is reasonably tailored to preserving records related to her remaining claims. *See PPEX*, 2021 U.S. Dist. LEXIS 254710, at *3. On that point, the requested subpoenas only require maintenance, not production, which the Court finds is not overly burdensome. ECF No. 21 ¶ 15. Further, the Court agrees with Plaintiff that "W&V and [Mr.] Volk face no significant hardship from merely retaining existing records[.]" *Id.* ¶ 16.

### CONCLUSION

Based upon the preceding, the *Motion* is **GRANTED**. Therefore, **IT IS HEREBY ORDERED** that Plaintiff shall issue preservation subpoenas to Defendant James D. Volk (a.k.a. "Jim Volk") and third party Wallick & Volk, Inc., directing them to:

A. Preserve all documents, records, and electronically stored information (ESI) and any materials in any way related to or in connection with: (1) Richard Michael Groff, a.k.a. Michael Groff or Mike Groff; (2) the value of Wallick & Volk, Inc., including all financial statements and financial records since 2014; (3) the terms and conditions for the sale of any interests in Wallick & Volk; (4) any agreements between and among Jim Volk and Michael Groff involving ownership of W&V; and (5) the Plaintiff's entitlement to, and amount of, the "Look Back Bonus" clause in that Stock Purchase Agreement entered into between Michael Groff and Nichole M. Groff in June 2015;

B. Refrain from destroying, altering, or disposing of such evidence during the pendency of the above-captioned matter; and

C. Provide written confirmation of compliance to Plaintiff within seven (7) days of this order.

Dated this <u>10th</u> day of April, 2025.

                                                    _____
                                                    Scott P. Klosterman
                                                    United States Magistrate Judge