IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| NICHOLE M. MIESEN,<br><br>Plaintiff,<br><br>VS.<br><br>RICHARD MICHAEL GROFF et al,<br><br>Defendants, | Case No.  24-CV-00188 |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff's Motion for Reconsideration (ECF No. 67) of this Court's March 19, 2026, Order granting Defendant Volk's Motion for Summary Judgment (ECF No. 66). Defendant Volk opposes the motion (ECF No. 68), and Plaintiff has replied. (ECF No. 69). The Court, having considered the motion, response, reply, and the record, and being otherwise fully advised, finds Plaintiff's motion without merit and will be denied.

## BACKGROUND

This dispute arises out of a 2015 stock purchase agreement ("SPA") between Plaintiff and her ex-husband, Defendant Groff. Plaintiff alleged a single cause of action against Defendant Volk, asserting that he tortiously interfered with the SPA between her and Defendant Groff by agreeing to Groff's structure of the sale of his stock to Volk to avoid application of the Look Back Bonus. (ECF 53 at 8.)  This Court detailed the specific

1

facts of the case in its prior order (ECF No. 66). Accordingly, the Court does not restate the facts but incorporates them herein.

Relevant here, Defendant Volk filed a Motion for Summary Judgment (ECF No 50, 55) arguing the undisputed facts failed to show that Volk induced Groff to breach the Look Back Bonus under the SPA. (ECF No. 51at 7). Plaintiff admitted that Volk was "not acting for the purpose of interfering or desiring to interfere with Miesen's Look Back Bonus" and acknowledged that "Volk did not induce Groff to breach the SPA."  (ECF No. 57 at 1). Plaintiff's response, relying on *Mudge,* argued: (1) knowledge that interference is substantially certain to result is all that is required under the relevant law and Comment J, Restatement (Second) of Torts § 766 (1979) and (2) improper interference is a question of fact not susceptible to summary judgment. (ECF No. 57). Notably, Plaintiff's response provided no evidence that Defendant Volk's alleged interference with the SPA was improper, and in fact admitted that "Volk's only interest in purchasing the stock from Groff was financial" and  "Volk's motive in buying Groff's stock is not in itself improper." (*Id*. at 3, 8).

The Court fully considered the parties submissions and found three independent bases upon which Volk was entitled to summary judgment: "(1) Volk has not induced nor caused Groff to breach the 2015 SPA; (2) Plaintiff fails to present evidence demonstrating any intentional and improper interference by Volk; and (3) even viewing the evidence in the light most favorable to Plaintiff, no reasonable jury could not find for Plaintiff on her tortious interference claim." (ECF No. 66 at 9). Accordingly, this Court issued an order

granting summary judgment for the claim against Defendant Volk and dismissed Volk as a party from the case. (*Id*. at 15).

Plaintiff has now filed a Motion for Reconsideration under Rule 54(b) and 59(e), arguing that this Court "misapprehended" the controlling law. (ECF No. 67 at 2). In support, Plaintiff reargues the same points made in her response (ECF No. 57). First, Plaintiff asserts knowledge that interference is substantially certain to occur is all that is required to fulfill the tort. (*Id*. at 2-3). Plaintiff argues that the Court "did not engage" with the knowledge standard in its prior order. (*Id*.) Plaintiff also notes the Court's reliance on *Mudge* reinforces her position. (*Id*. at 5). Plaintiff also takes issue with the Court's finding that even if Volk interfered, he acted with proper purpose to protect an economic interest. (*Id*. at 5-6).

**LEGAL STANDARD**

Pursuant to Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims ... may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. Pro. 54(b). A district court has discretion when deciding whether to grant or deny a motion to reconsider. *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

In reviewing a motion to reconsider, "the court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)." *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013); *see also Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (differentiating reconsideration of final orders and reconsideration of interlocutory orders); *Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010)

3

("Where the motion requests a substantive change in the district court's judgment or otherwise questions its substantive correctness, the motion is a Rule 59 motion, regardless of its label.").

According to the Tenth Circuit:

> Grounds warranting a motion to alter or amend the judgment pursuant to Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

*Alpenglow Botanicals, LLC v. United States*, 894 F. 3d 1187, 1203 (10th Cir. 2018).

> Moreover, Rule 59(e) motions:

> [A]re inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is not properly used by a party to take a second chance to dress up arguments previously rejected by the Court. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.) *cert denied*, 113 S.Ct. 89 (1992). Apparently, this Court's ruling, granting Defendant Volk's motion for summary judgment lack sufficient clarity as to the rejection of Plaintiff's argument.

4

## ANALYSIS

Plaintiff argues Rule 59(e) and 54(b) relief is warranted because the Court misapprehended the controlling law. (ECF No. 67 at 2). As an initial matter, all of Plaintiff's arguments are repackaged versions of arguments made in her response opposing summary judgment (ECF No. 57) and only seek to impermissibly revisit the same issues already considered and rejected by this Court. *Paraclete*, 204 F.3d at 1012. Even to the extent Plaintiff's arguments could be construed as new arguments, the facts and legal theories that Plaintiff presents were available when the original motion was filed. Accordingly, Plaintiff's motion is impermissible, and Plaintiff is not entitled to relief. Even so, on the merits, no relief is not warranted.

As a preliminary matter this Court does not take kindly to misstatements as to the contents of this Court's prior ruling. In his reply brief (ECF 69) counsel for Plaintiff writes:

> The Court's Order concluded with an independent ground for summary judgment: **that the SPA** "is a contract to which Volk is a party," and therefore the tort of intentional interference "cannot be committed by a party to the existing contract." Order at 15 (citing *Kvenild v. Taylor*, 594 P.2d 972, 977 (Wyo. 1979)). Defendant's opposition does not defend this holding because it is clear error."

*Id*. at 5 (emphasis added). Here is what the Court actually wrote:

> Plaintiff acknowledges "Volk did not induce Groff to breach the SPA." (ECF 57 at 6). Some unspecified breach of the SRRCA makes no difference. **First, the SRRCA is not a contract to which Miesen is a party—but equally as fatal, it is a contract to which Volk is a party.** And we know that the tort of intentional interference with contractual relations cannot be committed by a party to the existing contract, it will only lie against outsiders who interfere with the contract expectancies of others. *See Kvenild v. Taylor*, 594 P.2d 972, 977 (Wyo. 1979).

(ECF 66 at 14-15)(emphasis added). The Court never concluded Volk was a party to the

SPA.  Rather, the Court was pointing out that **Volk was a party to the SRRC**A which

Plaintiff asserted Volk somehow breached by not actively opposing Groff's proposal that

W&V declare a 12.4 million dollar dividend. *Id.* at 11. This Court made no "erroneous

finding" and committed no "clear error." Counsel for Plaintiff's argument to the contrary

is clearly mistaken.

Plaintiff argues that this Court misapprehended controlling law because it never

meaningfully engaged with Section 766, Comment J, Restatement of Torts (Second). (ECF

No. 67 at 2-4). Plaintiff argues that under Comment J, Defendant Volk's conduct was

intentional because he knew "interference [was] certain or substantially certain to occur as

a result of his action." (*Id.* at 3). In other words, Plaintiff argues liability can still be

imposed upon Volk even if his interference was incidental. (*Id.*). Plaintiff's reply notes that

whether Defendant Volk interfered is "a factual question that cannot be resolved on

summary judgment." (ECF No. 69 at 4). Plaintiff is again mistaken.

In its entirety, Comment J states:

> ***Intent and purpose***. The rule stated in this Section is applicable if the actor acts for the primary purpose of interfering with the performance of the contract, and also if he desires to interfere, even though he acts for some other purpose in addition. The rule is broader, however, in its application than to cases in which the defendant has acted with this purpose or desire. It applies also to intentional interference, as that term is defined in § 8A, in which the actor does not act for the purpose of interfering with the contract or desire it but knows that the interference is certain or substantially certain to occur as a result of his action. **The rule applies, in other words, to an interference that is incidental to the actor's independent purpose and desire but known to him to be a necessary consequence of his action**.
> The fact that this interference with the other's contract was not desired and was purely incidental in character is, however, a factor to be considered

in determining whether the interference is improper. If the actor is not acting criminally nor with fraud or violence or other means wrongful in themselves but is endeavoring to advance some interest of his own, the fact that he is aware that he will cause interference with the plaintiff's contract may be regarded as such a minor and incidental consequence and so far removed from the defendant's objective that as against the plaintiff the interference may be found to be not improper. (See § 767, especially Comment d).

Restatement (Second) of Torts § 766 (1979) (emphasis added).

As an initial matter, the Court did consider Plaintiff's arguments regarding Comment J. However, the Court rejected Plaintiff's contention and declined to specifically address the "intent" issue under Comment J because it is not material. As clarified in the above sentence of Comment J, there is no evidence to support the actor's, in this case Volk's, interference with the SPA was "known to him to be a necessary consequence of his action." *Id*. For those reasons as already articulated (apparently unclearly), the only evidence presented was that Defendant Volk was told, and it was represented to him by Groff, that the transaction would not interfere with the SPA. (ECF No. 57 at 3). There is no evidence to suggest or support that Volk induced Groff on how to structure the sale of the stock or that the structure proposed by Groff was "known to him to be a necessary consequence of his action." This point is also illustrated by *Mudge* which, in contrast to the case at bar, the bank conditioned their loan to Redding on the bank receiving a security interest on the business's chattel property—which the bank knew was a breach of the underlying agreement between Mudge and Redding. *First Wyoming Bank, Casper v. Mudge*, 748 P.2d 713, 717 (Wyo. 1988). The Court did not misapprehend the controlling law or fail to consider Plaintiff's argument. The Court disagrees with the argument and Plaintiff's remedy is an appeal.

7

Nonetheless, as this Court previously tried to point out, it doesn't matter.  First, in order to sustain Plaintiff's argument under the facts,[1] Plaintiff would have to show that the structure of the sale by Groff effectively evaded the Look Back Bonus under the SPA (resulting in no breach of contract). Yet, Plaintiff claim's Volk remains liable absent Groff's breach of the SPA. That scenario ignores the requirement that under Wyoming law liability for intentional interference requires that the Defendant induced or caused a breach or termination of the contract (SPA). *See Birt v. Wells Fargo Home Mortgage., Inc.*, 75 P.3d 640, 661-64 (Wyo. 2003).

Second, Plaintiff's "renewed" argument fails to recognize this Court concluded the undisputed facts establish that Volk's conduct, regardless of whether it was "intentional" or not, was not "improper" based upon his economic interest. *See Four Nines Gold, Inc. v 71 Const., Inc.*, 809 P.2d 236, 238 (Wyo. 1991). Thus, regardless of how many angels dance on the head of the needle of "intent," the lack of being *improper* interference renders Plaintiff's intent argument immaterial.

Relatedly, Plaintiff argues that this Court's prior order misapprehended controlling law when it failed to apply Comment J and conflated inducement with intentional interference. (ECF No. 67 at 3-4). Plaintiff, relying on Comment H and Comment J of § 766, argues that the Court failed to analyze whether Volk "intentionally participated in conduct that he knew was substantially certain to result in interference with the SPA." (*Id*.

---

[1] The Court sees Plaintiff's position as arguing that Volk, not acting for the purpose of interfering or even desiring to interfere with the Look Back Bonus, acquiesced to Groff's proposed structure of the sale to Volk which avoided triggering the Look Back Bonus. The Court notes the issue of whether Groff's 2022 sale of stock to Volk did or did not trigger the Look Back Bonus remains disputed and pending.

at 4). Plaintiff's motion and reply argue "whether Volk's knowledge rose to the level of substantial certainty is a disputed material fact" ineligible for dismissal on summary judgment. (ECF No. 69 at 3-4, 67 at 4). Plaintiff is again mistaken.

Comment H to which Plaintiff refers states:

> ***Inducing or otherwise causing***. The word "inducing" refers to the situations in which A causes B to choose one course of conduct rather than another. Whether A causes the choice by persuasion or by intimidation, B is free to choose the other course if he is willing to suffer the consequences. Inducement operates on the mind of the person induced. **The phrase "otherwise causing" refers to the situations in which A leaves B no choice**, as, for example, when A imprisons or commits such a battery upon B that he cannot perform his contract with C, or when A destroys the goods that B is about to deliver to C. This is also the case when performance by B of his contract with C necessarily depends upon the prior performance by A of his contract with B and A fails to perform in order to disable B from performing for C. The rule stated in this Section applies to any intentional causation whether by inducement or otherwise. The essential thing is the intent to cause the result. If the actor does not have this intent, his conduct does not subject him to liability under this rule even if it has the unintended effect of deterring the third person from dealing with the other. (On purpose and intent, see Comment j)

Restatement (Second) of Torts § 766 (1979) (emphasis added).

Defendant Volk notes, and this Court agrees, that Comment H does not support Plaintiff's position. Plaintiff admitted Defendant Volk did not induce Groff to breach the SPA, and Plaintiff has also presented no evidence indicating that "Jim Volk left Groff no choice under the "otherwise causing" standard. (ECF No. 68 at 4). In any event, as explained above, Plaintiff's intent argument is not material because Plaintiff failed to demonstrate under the law that Defendant Volk's interference amounted to the *improper* interference required by the tort.

Plaintiff next argues that this Court's order reliance on *Mudge* reinforces Plaintiff's position. (ECF No. 67 at 5). It doesn't. Plaintiff argues that "the Order did not reckon with the broader principle that *Mudge* actually establishes: that *knowledge* of a restrictive covenant, combined with the conduct that the actor *knows* will result in its breach, is sufficient to establish intentional interference." (*Id*.). Plaintiff also argues that this Court misinterpreted *Mudge* as requiring affirmative inducement when in fact, the case actually turned on the actor's knowledge. (*Id*.). These all sound like great arguments on appeal to the Tenth Circuit.

As this Court outlined in its prior order, this Court's read of *Mudge* is that the bank took affirmative action to induce the buyer to breach his prior agreement. (ECF No. 66 at 14). Knowledge alone is insufficient based on the facts present in *Mudge.* The Court finds Plaintiff's argument on this point unavailing. And Plaintiff's argument in her motion for reconsideration on *Mudge* is substantially similar to her argument made in her response opposing summary judgment. (*Compare* ECF No. 67 at 5 *with* ECF No. 57 at 7-8). This is improper. Rule 59(e) motions "are inappropriate vehicles to reargue an issue previously addressed by the court." *Paraclete*, 204 F.3d at 1012.

Plaintiff finally argues that this Court misstated the legal question when it determined a buyer need not decline an economic opportunity. (ECF No. 67 at 5-6). Specifically, Plaintiff again argues Comment J applies and states that "having chosen to proceed with a transaction that he knew was substantially certain to interfere with a third party's contractual rights, Volk cannot escape liability by claiming he did not desire the

10

interference . . . [a]llowing a financial motive to negate the intent element would effectively read comment j . . . out of Wyoming law." (ECF No. 67 at 6).

As discussed in this Court's prior order, "allowing financial motive to negate the intent element" is exactly what the Wyoming Supreme Court has explicitly approved of. *See Toltec Watershed Improvement District v. Johnston,* 717 P.2d 808, 814 (Wyo. 1986) ("The defendant is also permitted to interfere with another's contractual relations to protect his own present existing economic interests, such as the ownership or condition of property, or a prior contract of his own, or a financial interest in the affairs of the person persuaded.") (internal citation omitted; emphasis added), *Four Nines Gold, Inc. v. 71 Const., Inc.*, 809 P.2d 236, 238 (Wyo. 1991) ("if the interference is not improper, a necessary element of the tort is lacking . . . [the] interference was not improper for two reasons . . . interference is permitted when the actor interferes in good faith to protect an economic interest. The interference must have been in good faith.") (internal citations omitted). As explained in this Court's earlier order, even if Defendant Volk interfered, such interference is not improper and therefore permissible because Volk was acting in good faith to protect his existing economic interest. (ECF No. 66 at 12). Accordingly, no improper interference occurred here and "a necessary element of the tort is lacking." *Four Nines Gold*, 809 P.2d at 238.

## CONCLUSION & ORDER

Plaintiff has failed to establish, under Rule 59(e), any proper factual or legal basis supporting her Motion for Reconsideration (ECF 67) of this Court's March 19, 2026, Order (ECF No. 66). Her proper remedy is an appeal.

**IT IS HEREBY ORDERED** Plaintiff's Motion for Reconsideration (ECF No. 67) is **DENIED**.

Dated this <u>3rd</u> day of April, 2026.

_____
Scott W. Skavdahl
United States District Judge

12